# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARY ESTEP, in her own right and as )
guardian of CRAIG BAUM, an )
incompetent person, )
)
          Plaintiff, )
) CIVIL ACTION NO. 3:11-cv-207
v. ) JUDGE KIM R. GIBSON
)
POLICE OFFICER MACKEY, )
BOROUGH OF CRESSON, BOROUGH )
OF PORTAGE, and POLICE OFFICER )
DONALD WYAR, )
)
          Defendants. )

## MEMORANDUM OPINION AND ORDER OF COURT

### I. SYNOPSIS

This matter comes before the Court on Defendants Borough of Portage and Police Officer Donald Wyar's Motion to Dismiss (Doc. No. 19). Defendants have also filed a Brief in Support (Doc. No. 20). Plaintiff Mary Estep opposes the Motion (Doc. No. 26). For the reasons set forth herein, the Court will **GRANT** Defendants' Motion.

### II. JURISDICTION AND VENUE

Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983. Venue is proper pursuant to 28 U.S.C. § 1391(b).

### III. PROCEDURAL AND FACTUAL BACKGROUND

This case arises from a September 20, 2009 traffic stop executed by Officer Donald Wyar, an employee of the Portage Borough Police Department, and assisted by Officer Mackey, an employee of the Borough of Cresson, and Officer Kelly Bolvin, an employee of the Borough of South Fork. Plaintiff, the mother of Craig Baum, a passenger of the motor vehicle stopped by

1

Defendant Wyar, alleges in her Complaint that during the course of the stop, Baum consented to a search by Wyar, but later changed his mind and attempted to flee the scene. Doc. No. 1 at 4. In response, Defendant Mackey fired an electronic control weapon (Taser), striking Baum. Id. As a result, Baum "pitched forward and struck his head on the street and/or curb", thus causing serious brain injuries that have left him "totally and permanently incapacitated." Id. at 4-5. Plaintiff also alleges that because such electronic control weapons are known to create a substantial risk of death or injury, the named officer defendants employed excessive force when the weapon was deployed on Baum. Id. at 5. Plaintiff further contends that the officers' employing municipalities are subject to liability for the failure to train and supervise the officers regarding the prevention of excessive force and the use of electronic control weapons. Id. at 6-7.

Plaintiff brought suit in this Court on September 13, 2011, in her own right and as guardian of Craig Baum. Doc. No. 1. On November 8, 2011, then-Defendants Bolvin and Borough of South Fork filed a Motion to Dismiss (Doc. No. 16) and Brief in Support (Doc. No. 17). Defendants Wyar and Borough of Portage filed the instant Motion (Doc. No. 19) and Brief in Support (Doc. No. 20) on November 14, 2011, incorporating several of the legal arguments asserted in Bolvin and Borough of South Fork's Motion. That same day, Defendants Mackey and Borough of Cresson filed an Answer (Doc. No. 22). Plaintiff filed a Brief in Opposition (Doc. No. 25) to Bolvin and Borough of South Fork's Motion on December 2, 2011, followed by a Brief in Opposition (Doc. No. 26) to Wyar and Borough of Portage's Motion on December 8, 2011. With leave of Court, Wyar and Borough of Portage filed a Reply (Doc. No. 30) on January 10, 2012. By stipulation of the parties, Defendants Bolvin and Borough of South Fork were dismissed from the case on June 27, 2012 (Doc. No. 43), thus rendering their earlier motion moot.

## IV. STANDARD OF REVIEW

Defendants brought their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Rule 12(b)(6) must be balanced with the requirements of Rule 8, which governs general pleading matters, and provides that "[a] pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8.

While the recent decisions of the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), represent a significant change in federal pleading standards, the United States Court of Appeals for the Third Circuit has provided clear guidance to the district courts. To wit:

> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." 129 S. Ct. at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234-35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). In short, a district court reviewing a motion to dismiss for failure to state a claim must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Id.* at 210 (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). However, "legal conclusions" and "[t]hreadbare recitals of elements of a cause of action, supported by mere

3

conclusory statements, do not suffice" as bona fide factual material. *Iqbal* 129 S. Ct. at 1949.

## V. DISCUSSION

After the dismissal of Defendants Bolvin and Borough South Fork, the three counts of Plaintiff's Complaint stand against four remaining Defendants. Count One (excessive force), pled under 42 U.S.C. § 1983, is made against Defendants Mackey and Wyar. Counts Two and Three (failure to train and supervise), also pled under 42 U.S.C. § 1983, are made against Defendants Borough of Portage and Borough of South Fork. Because only Defendants Wyar and Borough of Portage filed a motion to dismiss with regard to the aforementioned counts, the Court will address the merits of that motion only with regard to them. Plaintiff's claims against Defendants Mackey and Borough of Cresson are unaffected by this Memorandum.

### A. Count One – Use of Excessive Force (Wyar)

Incorporating similar arguments made by former Defendants Kelly Bolvin and Borough of South Fork in their Motion to Dismiss (Doc. No. 17), Defendants Wyar and Borough of Portage assert that Plaintiff has not sufficiently pled an excessive force claim under 42 U.S.C. § 1983 as to Wyar, as the only facts in the Complaint relevant to such a claim pertain to Officer Mackey. Doc. No. 20 at 5; Doc. No. 17 at 5-7. Plaintiff generally responds that her Complaint does plead a violation of Craig Baum's constitutional rights, and with respect to Wyar, she alleges that Mackey was on the scene at Wyar's request when Mackey discharged his electronic control weapon against Baum, thus making Wyar "in charge of the scene." Doc. No. 26 at 6-7. In their Reply, Defendants once again reiterate that Plaintiff's factual allegations with regard to the use of force mention only Mackey. Doc. No. 30 at 1-2.[1]

---

[1] Defendant Wyar also argues that to the extent that Plaintiff's Response attempts to raise a claim against Wyar for failure to intervene, such a claim must also be dismissed. However, Plaintiff raised no such

4

As already noted, Plaintiff's excessive force claim arises under 42 U.S.C. § 1983, which establishes a cause of action for violations of rights created by the Constitution or federal law. Only two allegations are required for § 1983 claims: first, that some person has deprived plaintiff of a federal right, and second, that the person who deprived plaintiff of that right acted under the color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). To state a claim for excessive force under § 1983, plaintiffs must show that a seizure occurred and that it was unreasonable. *Kopec v. Tate*, 361 F.3d 772, 776 (3d Cir. 2004). In assessing whether an action was reasonable, courts will consider the severity of the crime, whether the suspect posed an immediate threat to public safety, and whether the suspect was actively resisting or evading arrest. *Woods v. Grant*, 381 Fed.Appx. 144, 146 (3d Cir. 2010) (citing *Graham v. Connor*, 490 U.S. 386, 397 (1989). In addition, a defendant must have "personal involvement in the alleged wrongs" to be held liable in a civil rights action. *Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003)

The Court first emphasizes that Plaintiff has certainly stated a § 1983 claim for excessive force *as to Mackey*, but that is not the issue here. Nowhere in the Complaint is there any indication that *Wyar* directed Mackey to fire the electronic control weapon, or had any physical role in its firing. Nor does Plaintiff challenge the constitutionality of Wyar's other actions during the incident, which included Wyar's decisions to 1) pull over the car in which Baum was riding and 2) ask Baum for consent to a search of his person. Doc. No. 1 at 4. Plaintiff alternatively offers that the three officers were "acting in concert" when Mackey allegedly used excessive force against Baum. Id. at 5; Doc. No. 26 at 6. However, under the *Iqbal* standard, Plaintiff's allegation of concerted action to deprive Baum of his constitutional rights is a mere conclusory statement, which the Court therefore need not accept. And even though Plaintiff alleges that

claim in her Complaint, and the Court declines to address its merits here.

Wyar called Mackey and Bolvin to the scene for assistance, this sheds no light on any role that Wyar might have had in Mackey's decision to fire his electronic control weapon. Absent additional facts as to Wyar's role in Mackey's possible use of excessive force, Plaintiff's claim cannot stand as to Wyar, and the Court will grant Defendants' motion as to Count One.[2]

## B. Counts Two and Three – Failure to Train and/or Supervise (Borough of Portage)

With regard to Counts Two and Three of Plaintiff's Complaint – municipal liability for failure to properly train and supervise police officers – Defendants incorporate an argument made by former Defendant Borough of South Fork in its Motion to Dismiss. Doc. No. 20 at 8; Doc. No. 17 at 11-13. Defendants first generally assert that because Plaintiff has not properly pled a claim against Defendant Wyar for a constitutional violation, both municipal liability claims as to Defendant Borough of Portage must fail. Plaintiff does not specifically respond to this argument, but argues in its Response that it had properly pled a constitutional violation as to Defendant Wyar.

Both Counts Two and Three arise under the doctrine set forth in *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), which held that a municipality may be held liable for the acts of its employees to the extent that any unconstitutional act "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690. *Monell* furnished a cause of action "when execution of a government's policy or custom… inflicts the injury that the

---

[2] Defendant Wyar advances two additional arguments with regard to Plaintiff's allegations of the use of excessive force: 1) even had Plaintiff pled sufficient facts, Wyar is entitled to qualified immunity; and 2) Plaintiff's request for punitive damages against Wyer is improper. Given the Court's dismissal of Count One as to Wyar, it need not address the merits of these arguments here, but it notes that the issue of qualified immunity is generally a fact-driven inquiry reserved for the summary judgment stage. See *Kitko v. Young*, 2012 WL 399981 at *5-6 (W.D.Pa. Feb. 7, 2012).

6

government as an entity is responsible under § 1983." *Id.* at 694. To properly plead a claim under *Monell*, a plaintiff must 1) identify a policy or custom; 2) attribute the policy to a municipal defendant; and 3) demonstrate a causal connection between the policy and the constitutional violation. *Kaminsky v. Mydatt Services, Inc.*, 2012 WL 2089735 at *3 (W.D.Pa. June 8, 2012) (quoting *Brown v. City of Pittsburgh*, 2007 WL 320833 (W.D.Pa. Jan.30, 2007).

Because a constitutional violation is fundamental to any *Monell* claim, both Counts Two and Three must fail. As established above, Plaintiff has not sufficiently established any constitutional violation as to Wyar. Nor can Plaintiff somehow impute the actions of Defendant Mackey to the Borough of Portage, as she attempts to do in her Response. Doc. No. 26 at 8-9. Plaintiff's own Complaint states that Mackey "was at all times relevant hereto employed as a police officer by the Borough of Cresson and/or Cresson Township…" Doc. No. 1. at 2. While Plaintiff's Complaint further alleges that Mackey was acting "in furtherance of the interest" of the Borough of Portage", there are no additional facts to support that conclusory allegation. Id. Nor are there any facts elsewhere in the Complaint to suggest that Mackey's actions can be attributed in any way to the Borough of Portage. Absent such facts, municipal liability for Defendant Borough of Portage cannot follow. Accordingly, the Court will grant Defendants' motion as to Counts Two and Three.[3]

## VI. CONCLUSION

For the reasons stated above, Defendants Borough of Portage and Police Officer Donald Wyar's Motion to Dismiss (Doc. No. 20) is hereby **GRANTED**. Plaintiff's claims against Borough of Cresson and Police Officer Mackey may proceed. An appropriate order follows.

---

[3] Once again, because the Court finds that neither Count Two nor Count Three can stand, it need not address Defendants' additional arguments regarding Plaintiff's failure to train and supervise claims.

7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY ESTEP, in her own right and as guardian of CRAIG BAUM, an incompetent person,<br><br>            Plaintiff,<br><br>v.<br><br>POLICE OFFICER MACKEY, BOROUGH OF CRESSON, BOROUGH OF PORTAGE, and POLICE OFFICER DONALD WYAR,<br><br>            Defendants. | CIVIL ACTION NO. 3:11-cv-207<br>JUDGE KIM R. GIBSON |

## ORDER

**AND NOW**, this 19th day of July 2012, this matter coming before the Court on Defendants Borough of Portage and Police Officer Donald Wyar's Motion to Dismiss (Doc. No. 19), **IT IS HEREBY ORDERED** that the Motion is **GRANTED**.

BY THE COURT:

*/s/ Kim R. Gibson*

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**