IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY ESTEP, *in her own right and as guardian of CRAIG BAUM, an incompetent person,*<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>POLICE OFFICER MACKEY, BOROUGH OF CRESSON, BOROUGH OF PORTAGE, and POLICE OFFICER DONALD WYAR,<br><br>　　　　　Defendants. | CIVIL ACTION NO. 3:11-207<br><br>JUDGE KIM R. GIBSON |

## MEMORANDUM AND ORDER OF COURT

### I.　SYNOPSIS

Pending before the Court is Defendants Borough of Portage and Police Officer Donald Wyar's motion to dismiss (ECF No. 61) Plaintiff's amended complaint (ECF No. 57). Defendants Portage and Wyar contend that Plaintiff's amended complaint fails to state a claim for which relief can be granted. (*See* ECF No. 62). Plaintiff opposes the motion. (*See* ECF No. 63). For the reasons explained below, Defendants' motion to dismiss will be **GRANTED in part** and **DENIED in part**.

### II.　JURISDICTION AND VENUE

Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claims occurred in the Western District of Pennsylvania.

## III.    BACKGROUND

This case arises from a traumatic brain injury sustained by Craig Baum after police shot him with a Taser, causing him to fall and strike his head during a traffic stop. (*See generally* ECF No. 57, Am. Compl.). Plaintiff filed this action on behalf of her son, Craig Baum, an incompetent person.[1] Plaintiff makes the following allegations in her amended complaint, which the Court accepts as true for the purpose of deciding the pending motion.

On September 20, 2009, Officer Wyar, an officer with the Portage Borough Police Department, conducted a traffic stop on a vehicle after observing the vehicle swerve. (ECF No. 57, Am. Compl. ¶ 10). Baum was riding as a passenger in the vehicle, which was stopped in close proximity to the Portage Borough Police Department building. (*Id.* ¶¶ 9-10). Officer Wyar had been looking for this vehicle, believing that Baum was riding in the vehicle and was carrying drugs. (*Id.* ¶¶ 11-12). Prior to the stop, Officer Mackey, a police officer employed by the Borough of Cresson, had advised Officer Wyar that he had seen Baum in a green vehicle being driven by a female. (*Id.* ¶ 11).

After stopping the vehicle, Officer Wyar contacted the Cambria County police dispatch and requested that Officer Mackey and a female officer provide assistance. (*Id.* ¶ 12). Officer Mackey responded to Officer Wyar's request and arrived at the scene of the traffic stop to provide assistance. (*Id.* ¶ 13).

At Officer Wyar's request, Baum consented to a search and agreed to walk to the police station, a short distance away. (*Id.* ¶¶ 14-16). Officer Wyar directed Officer Mackey to escort Baum, who was unrestrained, to the police station. (*Id.* ¶ 16). Officer

---

[1] The Plaintiff—Mary Estep—is the mother of Craig Baum, who was rendered an incapacitated person as a result of the injuries he sustained during the traffic stop at issue here. (ECF No. 57, Am. Compl. ¶ 4). Plaintiff was appointed guardian of Craig Baum pursuant to 20 Pa. Cons. Stat. Ann. §§ 5501 *et seq.*, by the Cambria County Court of Common Pleas in an order dated August 26, 2011. (*See id.*).

2

Mackey was armed with an Electronic Control Weapon ("Taser"), and had the Taser in hand and ready to fire while accompanying Baum to the police station. (*Id.* ¶ 17).

As Baum approached the police station, he apparently changed his mind about consenting to the search and attempted to run back across the street. (*Id.* ¶ 18). Officer Mackey then fired his Taser, striking Baum in the back, and deployed an electric current. (*Id.* ¶¶ 18-19). As a result, Baum "pitched forward and struck his head on the street and/or curb," causing serious brain injuries that have left him "totally and permanently incapacitated." (*Id.* ¶¶ 20-21).

Plaintiff initiated this action by filing a complaint (ECF No. 1) on September 13, 2011.[2] On November 14, 2011, Defendants Borough of Cresson and Officer Mackey filed an answer (ECF No. 22) with affirmative defenses to the complaint. Defendants Borough of Portage and Officer Wyar, on the other hand, filed a motion to dismiss Plaintiff's complaint (ECF No. 19) along with a brief in support (ECF No. 20) on November 14, 2011. Plaintiff filed a brief in opposition (ECF No. 26), and Defendants Portage and Wyar filed a reply (ECF No. 30) to Plaintiff's brief. On July 19, 2012, the Court granted Defendants Portage and Wyar's motion to dismiss the complaint. (*See* ECF No. 47).

Thereafter, Plaintiff filed a motion for reconsideration and motion for leave to amend her complaint (ECF No. 48), along with a brief in support (ECF No. 49), to which Defendants Portage and Wyar filed a brief in opposition (ECF No. 54). On March 25,

---

[2] Plaintiff's complaint named the following Defendants: Borough of Cresson, Borough of Portage, Borough of South Fork, Cresson Township, Officer Kelly Bolvin, Officer Donald Wyar, and Officer Mackey. (*See* ECF No. 1). Defendants Borough of South Fork and Officer Bolvin filed a motion to dismiss Plaintiff's complaint (ECF No. 16) on November 8, 2011, along with a brief in support (ECF No. 17), which Plaintiff initially opposed (*see* ECF No. 25). On June 28, 2012, by stipulation of the parties, the Court dismissed the Borough of South Fork and Officer Bolvin from the case (*see* ECF No. 42 and 43), rendering their motion to dismiss moot. Additionally, Plaintiff dismissed her claims against Defendant Cresson Township on December 14, 2011. (*See* ECF No. 27). Accordingly, the four remaining Defendants are: the Borough of Cresson, the Borough of Portage, Police Officer Donald Wyar, and Police Officer Mackey.

3

2013, the Court granted Plaintiff's motion for leave to amend her complaint and denied as moot Plaintiff's motion for reconsideration. (*See* ECF No. 55)

Plaintiff filed an amended complaint (ECF No. 57) on April 1, 2013. Plaintiff's amended complaint raises claims against the four remaining Defendants under 42 U.S.C. § 1983 and contains three counts: Count One is an excessive force claim against Officers Mackey and Wyar (ECF No. 57, Am. Compl. ¶¶ 24-32); Count Two is a municipal liability claim for failure to train against the Boroughs of Cresson and Portage (*id.* ¶¶ 33-40); and Count Three is a municipal liability claim for failure to supervise against the Boroughs of Cresson and Portage (*id.* ¶¶ 36-41).[3]

On April 9, 2013, Defendants Borough of Cresson and Officer Mackey again filed an answer (ECF No. 58) with affirmative defenses to the complaint. And on April 18, 2013, Defendants Borough of Portage and Officer Wyar filed the currently-pending motion to dismiss (ECF No. 61) Plaintiff's amended complaint pursuant to Rule 12(b)(6). Defendants Portage and Wyar filed a brief in support (ECF No. 62) of their motion on April 18, 2013, and Plaintiff filed a brief in opposition (ECF No. 63) on May 13, 2013. On November 20, 2013, Defendants Portage and Wyar filed a supplemental brief (ECF No. 68) in support of their motion to dismiss. The parties having fully briefed the Court, this matter is now ripe for adjudication.

## IV. STANDARD OF REVIEW

Defendants Borough of Portage and Officer Wyar move to dismiss Plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Federal

---

[3] Plaintiff's amended complaint contains duplicative numbering. On page 7 of the amended complaint, Plaintiff begins Count Three with paragraph number "36," even though the previous paragraph was number "40." (*See* ECF No. 57 at 7). The Court is aware of this error and will attempt to clearly refer to the relevant paragraphs of the amended complaint to avoid any confusion.

Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) allows a party to seek dismissal of a complaint or any portion of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Although the federal pleading standard has been "in the forefront of jurisprudence in recent years," the standard of review for a Rule 12(b)(6) challenge is now well established. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 209 (3d Cir. 2009).

In determining the sufficiency of a complaint, a district court must conduct a two-part analysis. First, the court must separate the factual matters averred from the legal conclusions asserted. *See Fowler*, 578 F.3d at 210. Second, the court must determine whether the factual matters averred are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint need not include "detailed factual allegations." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Moreover, the court must construe the alleged facts, and draw all inferences gleaned therefrom, in the light most favorable to the non-moving party. *See id.* at 228 (citing *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003)). However, "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action . . . do not suffice." *Iqbal*, 556 U.S. at 678. Rather, the complaint must present sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 263 n.27 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

Ultimately, whether a plaintiff has shown a "plausible claim for relief" is a "context specific" inquiry that requires the district court to "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The relevant record under consideration includes the complaint and any "document integral or explicitly relied on in the complaint." *U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). If a complaint is vulnerable to dismissal pursuant to Rule 12(b)(6), the district court must permit a curative amendment, irrespective of whether a plaintiff seeks leave to amend, unless such amendment would be inequitable or futile. *Phillips*, 515 F.3d at 236; *see also Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

## V.  DISCUSSION

Plaintiff's amended complaint alleges violations of the Fourth and Fourteenth Amendments to the United States Constitution and contains three counts under 42 U.S.C. § 1983. In Count One, Plaintiff alleges that Defendants Mackey and Wyar used excessive force when Officer Wyar shot Baum with a Taser. (ECF 57, Am. Compl. ¶¶ 24-32). In Count Two, Plaintiff alleges that Defendant Cresson failed to adequately train Officer Mackey in the use of Tasers, and Defendant Portage failed to adequately train Officer Wyar to supervise and control officers from other jurisdictions. (*Id.* ¶¶ 34-36). In Count Three, Plaintiff alleges that Defendants Cresson and Portage "failed to supervise police officers in order to prevent use of excessive force on citizens." (*Id.* ¶ 37).

Defendants Portage and Wyar now move to dismiss Plaintiff's amended complaint, arguing that Plaintiff has failed to state a claim upon which relief can be granted. Regarding Officer Wyar, Defendants contend (1) that Plaintiff failed to allege a Fourth

Amendment excessive force claim against Officer Wyar; (2) that Officer Wyar is entitled to qualified immunity; and (3) that "Plaintiff's claim for punitive damages against Officer Wyar must be dismissed." (ECF No. 61 ¶ 14). Regarding the Borough of Portage, Defendants contend (1) that Plaintiff failed to state a claim against Portage for failure to properly train because Plaintiff "failed to establish a constitutional violation by an agent of the Borough" and failed to establish "knowledge of the existence of inadequate training or any conduct that would constitute deliberate indifference;" (2) that Plaintiff failed to allege facts demonstrating that an absence of supervision was the proximate cause of Baum's injury; and (3) that "Plaintiff's claim for punitive damages against the Borough must be dismissed." (ECF No. 61 ¶ 14). The Court will separately address each argument.

## A.    Plaintiff's Claims Against Officer Wyar

### 1.    Excessive Force Claim

Plaintiff's amended complaint asserts an excessive use of force claim under 42 U.S.C. § 1983. To state a claim for relief under § 1983, a plaintiff must allege (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff's amended complaint alleges that Officer Wyar—acting under color of state law—violated Baum's Fourth Amendment right to be free from the unlawful use of excessive force. (ECF No. 57, Am. Compl. ¶¶ 26-27).

To state a claim for excessive use of force under the Fourth Amendment, a plaintiff must show (1) that a seizure occurred using force, and (2) that the use of force was objectively unreasonable. *Kopec v. Tate*, 361 F.3d 772, 776 (3d Cir. 2004). In assessing whether an action was reasonable, a court must consider the severity of the crime, whether

7

the suspect posed an immediate threat to public safety, and whether the suspect was resisting or evading arrest. *Woods v. Grant*, 381 F. App'x 144, 146 (3d Cir. 2010); *Graham v. Connor*, 490 U.S. 386, 397 (1989).

Additionally, a defendant must have "personal involvement in the alleged wrongs," *Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003), for "liability cannot be predicated solely on the operation of respondeat superior." *Rodriguez v. Town of West New York*, 191 F. App'x 166, 168 (3d Cir. 2006). However, a plaintiff need not prove "direct use of excessive force . . . to impose liability under § 1983." *Garbacik v. Janson*, 111 F. App'x 91, 94 (3d Cir. 2004). Instead, a supervising officer may be liable if he or she "had knowledge of and acquiesced" to the constitutional violation. *Baker v. Monroe Twp.*, 50 F.3d 1186, 1190-91 (3d Cir. 1995). To establish liability, a plaintiff must prove that the supervising officer had "contemporaneous knowledge of the offending incident" and that his inaction "could be found to have communicated a message of approval." *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 732 (3d Cir. 1989).

Defendants argue, among other things, that Plaintiff has not alleged Officer Wyar used any force against Baum, that Plaintiff has not alleged any facts to support a claim of supervisory liability, and that Plaintiff has not properly alleged a claim for failure to intervene. (ECF No. 62 at 5, 7, 11). Accordingly, the issue before the Court is whether Plaintiff has pled sufficient facts that could, if established at trial, entitle her to relief for a violation of the Fourth Amendment for excessive use of force by Officer Wyar.

Plaintiff concedes that Officer Wyar "did not fire the [T]aser that incapacitated Craig Baum." (ECF No. 63 at 4). Instead, Plaintiff contends that the amended complaint alleges that Officer Wyar "clearly had sufficient involvement in the incident to sustain a

cause of action against him individually." (*Id.*). Plaintiff asserts that Officer Wyar created the circumstances resulting in the use of force and that he failed to intervene or to prevent Officer Mackey's use of excessive force: "Although Wyar did not pull the trigger on the [T]aser, he was the driving force throughout the incident" and is therefore liable for the excessive force employed against Baum. (*Id.* at 5-6).

In her amended complaint,[4] Plaintiff alleges several facts showing a causal connection between Officer Wyar's actions and Officer Mackey's use of a Taser against Baum. Plaintiff alleges the following:

- After initiating the stop, Officer Wyar specifically requested Officer Mackey's assistance, and that Officer Mackey, upon arriving at the scene of the stop, was acting under Officer Wyar's supervision. (ECF No. 57, Am. Compl. ¶¶ 12, 13).

- Officer Wyar directed Officer Mackey to accompany Baum to the police station. (*Id.* ¶ 16).

- Officer Wyar instructed Officer Mackey to leave Baum unrestrained "to maintain the pretense of voluntariness." (*Id.* ¶ 16).

- Officer Wyar was aware that Officer Mackey was holding a Taser and was prepared to deploy the Taser if Baum fled from the scene. (*Id.* ¶ 27).

- Officer Wyar acted in concert with Officer Mackey to deceive Baum "with the subterfuge that he was free to decline their request that [he] be searched and in

---

[4] This Court previously dismissed Plaintiff's complaint for failure to state a claim. (*See* ECF No. 47). The Court noted that the complaint failed to allege that "Wyar directed Mackey to fire the [Taser], or had any physical role in its firing," and concluded that "absent additional facts as to Wyar's role in Mackey's possible use of excessive force, Plaintiff's claim cannot stand." (*Id.* at 5-6). Plaintiff's amended complaint corrects this deficiency and provides detailed allegations regarding Wyar's role in Mackey's use of excessive force.

failing to restrain Baum in order to maintain the pretense of voluntariness." (*Id.* ¶ 26).

Construing the allegations in a light most favorable to Plaintiff, the amended complaint contains sufficient facts to state a plausible claim for relief against Officer Wyar. According to the amended complaint, Officer Wyar deliberately initiated a traffic stop on a vehicle in which Baum was a passenger and then purposefully called Officer Mackey for assistance. Officer Wyar instructed Officer Mackey to escort Baum to the police station to conduct a "voluntary" search, but indicated to Baum that he was not required to consent to the search. To preserve this "pretense of voluntariness," Officer Wyar directed Officer Mackey not to restrain Baum, but knew that Officer Mackey would fire his Taser if Baum attempted to flee. From these facts, the Court can reasonably infer that Officer Wyar knew of and acquiesced to Officer Mackey's use of the Taser against Baum.

In sum, Plaintiff's amended complaint alleges—sufficiently to state a plausible claim for relief—that Officer Wyar orchestrated the circumstances resulting in Baum's injuries and was directing the actions of Officer Mackey. Thus, Plaintiff has pled facts plausibly demonstrating that Officer Wyar directed Officer Mackey to escort Baum in a manner that Wyar "knew or should reasonably have known would cause [Mackey] to deprive [Baum] of [his] constitutional rights." *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Conner v. Reinhard*, 847 F.2d 384, 397 (7th Cir. 1988)).

Additionally, Plaintiff's amended complaint alleges—albeit minimally—that Officer Wyar failed to intervene. If an officer fails to intervene and there was a "realistic and reasonable opportunity to intervene," then he may be liable for another officer's constitutional violations. *Smith v. Mensinger*, 293 F.3d 641, 651 (3d Cir. 2001); *Garbacik*,

111 F. App'x at 94. To determine whether there was a reasonable opportunity to intervene, a court must consider factors such as the "temporal length of the alleged assault, the proximity of the non-intervening officer to the alleged assault, the ability of the non-intervening officer to perceive and/or hear the alleged assault," among others. *Armbruster v. Marguccio*, No. 3:05-cv-344, 2006 WL 3488969, at *8 (W.D. Pa. Dec. 4, 2006).

Here, Plaintiff alleges sufficient facts showing that Officer Wyar had a reasonable opportunity to intervene and prevent the alleged constitutional violation. Specifically, Plaintiff alleges Officer Wyar knew that Officer Mackey was in possession of a Taser and that he planned to use it if Baum fled. While Plaintiff does not expressly state in her amended complaint that Officer Wyar had a duty to intervene and failed to do so, the allegations nonetheless create a plausible inference to support such a claim. Plaintiff need not plead all detailed factual allegations within the amended complaint, but must plead sufficient facts from which the alleged misconduct can be reasonably inferred. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 209 (3d Cir. 2009); *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 263 n.27 (3d Cir. 2010).

As stated above, the amended complaint alleges that Officer Wyar initiated a routine traffic stop after observing a vehicle swerve. Officer Wyar requested Officer Mackey's assistance. Officer Wyar asked Baum to consent to a voluntary search, but told him he was free to decline. Officer Wyar purposefully left Baum unrestrained to ensure the voluntary nature of Baum's consent. Officer Wyar asked Officer Mackey to escort Baum to the police station, knowing that Officer Mackey was prepared to use his Taser. Thus, Plaintiff has alleged that Officer Wyar created a volatile situation culminating with

Baum being Tased and seriously injured. Likewise, Plaintiff has intimated that Officer Wyar had the opportunity to intervene, but failed to do so.

Accordingly, because Plaintiff has sufficiently alleged that Officer Wyar seized Baum and that, during the course of the seizure, an objectively unreasonable use of force was used against Baum at the direction of Officer Wyar, the Court will **deny** Defendants' motion to dismiss Plaintiff's claims against Officer Wyar.[5]

### 2. Qualified Immunity

Officer Wyar asserts that he is entitled to qualified immunity. (ECF No. 62 at 12). Qualified immunity is an affirmative defense available to government officials sued in their personal capacities, and for which the defendants have the burden of proof. *See Brown v. Cwynar*, 484 F. App'x 676, 680 (3d Cir. 2012). It is intended to "shield government officials performing discretionary functions, including police officers, 'from liability from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Kopec v. Tate*, 361 F.3d 772, 776 (3d Cir. 2004) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "An officer is entitled to qualified immunity if he meets at least one of a two prong inquiry." *Patrick v. Moorman*, No. 12-cv-2128, 2013 WL 4516999, at *4 (3d Cir. Aug. 27, 2013). The first prong asks whether there is a constitutional violation, and

---

[5] In a supplemental brief in support of the motion to dismiss (ECF No. 68), Defendants urge the Court to consider the Third Circuit's recent opinion in *Patrick v. Moorman*, No. 12-cv-2128, 2013 WL 4516999 (3d Cir. Aug. 27, 2013) (affirming *Patrick v. Moorman*, 855 F. Supp. 2d 392, 398 (E.D. Pa. 2012)). Defendants contend, "Comparing the facts pled in the Amended Complaint with the holding in the *Patrick* case, it is clear that Defendant Wyar did not violate Baum's constitutional rights . . ." (ECF No. 68 at 3-4). While *Patrick* provides exemplary analysis on facts similar to those in the instant case, the procedural posture is different, rendering *Patrick* distinguishable at this juncture. In *Patrick*, the court granted summary judgment and had the benefit of a fully developed record. Here, the Court considers only the sufficiency of the allegations in the amended complaint on a motion to dismiss and finds that Plaintiff has met her burden.

the second prong asks whether the constitutional right was clearly established. *Id.*; *Reedy v. Evanson*, 615 F.3d 197, 223-24 (3d Cir. 2010).

While the Supreme Court has directed courts to address the issue of qualified immunity at the "earliest possible stage in the litigation," *Hunter v. Bryant*, 502 U.S. 224, 227 (1991), a full analysis of whether qualified immunity applies in the instant case is difficult based on the undeveloped record presently before the Court. *See Newland v. Reehorst*, 328 F. App'x 788, 791 n.3 (3d Cir. 2009) (cautioning that it is "generally unwise to venture into a qualified immunity analysis at the pleading stage as it is necessary to develop the factual record in the vast majority of cases").

Here, the Court has already concluded that Plaintiff has alleged sufficient facts in her amended complaint to state a plausible claim for relief and has established a constitutional violation on the facts alleged. *Doe v. Groody*, 361 F.3d 232, 237 (3d Cir. 2004). Also, the facts alleged in the amended complaint, taken as true, show that Baum "possessed a clearly established right to be free from the use of excessive force." *Yarnall v. Mendez*, 509 F. Supp. 2d 421, 435 (D. Del. 2007). Determining whether the use of a Taser by a police officer constitutes excessive force is a fact specific inquiry; thus "at this juncture, the court cannot determine if [Wyar's] conduct was objectively reasonable or objectively unreasonable." *Id.* at 432-35; *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 242 n.7 (3d Cir. 2008) ("A decision as to qualified immunity is 'premature when there are unresolved disputes of historical facts relevant to the immunity analysis.'"). Accordingly, the Court will defer its consideration of whether Officer Wyar is entitled to qualified immunity, without prejudice to Defendants' raising the defense at a later stage in this litigation. *See Zion v. Nassan*, 727 F. Supp. 2d 388, 404 (W.D. Pa. 2010).

13

## B.    Plaintiff's Claims Against the Borough of Portage[6]

Defendants have also moved to dismiss Plaintiff's claims against the Borough of Portage.    Count Two of Plaintiff's amended complaint alleges that the Borough of Portage—as a matter of custom, policy, or practice—failed to train its officers in the supervision and control of officers from other jurisdictions. (ECF No. 57, Am. Compl. ¶¶ 33-40).    Count Three of Plaintiff's amended complaint alleges that the Borough of Portage—as a matter of custom, policy, or practice—failed to supervise its police officers to prevent the use of excessive force on citizens. (ECF No. 57, Am. Compl. ¶¶ 36-41).

Counts Two and Three arise under the doctrine set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978). A municipal defendant cannot be held liable for a § 1983 claim under a theory of *respondeat superior*. *See Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998).    However, a municipality may be liable when a constitutional deprivation results from an official custom or policy. *Monell*, 436 U.S. at 690. A § 1983 cause of action arises under *Monell* when the "execution of a government's policy or custom . . . inflicts the injury [for which] the government as an entity is responsible under § 1983." *Id.* at 694. To state a claim for relief, a plaintiff must: (1) identify a policy or custom; (2) attribute the policy to a municipal defendant; and (3) demonstrate a causal connection between the policy and the constitutional violation. *Kaminsky v. Mydatt Services, Inc.*, No. 2:12-cv-363, 2012 WL 2089735, at *3 (W.D. Pa. June 8, 2012). Here, Plaintiff has identified two policies or customs allegedly employed

---

[6] This Court previously dismissed Plaintiff's claims against the Borough of Portage—"Because a constitutional violation is fundamental to any *Monell* claim, both Counts Two and Three must fail. . . . Plaintiff has not sufficiently established any constitutional violation as to Wyar. . . . Absent [additional] facts, municipal liability for Defendant Borough of Portage cannot follow. Accordingly, the Court will grant Defendants' motion as to Counts Two and Three." (ECF No. 47 at 7). Because the Court now finds that Plaintiff's amended complaint sufficiently states a constitutional violation as to Officer Wyar, the Court will review the sufficiency of Plaintiff's claims against the Borough of Portage.

by the Borough of Portage that violated Baum's constitutional rights and resulted in his injuries: (1) failure to properly train police officers, and (2) failure to adequately supervise police officers. The Court will separately address each claim.

### 1. Failure to Train

Defendants argue that Plaintiff's amended complaint fails to state a municipal liability claim as to the Borough of Portage on a failure to train theory. (ECF No. 62 at 22). According to Defendants, Plaintiff's amended complaint fails to plead sufficient facts showing deliberate indifference, fails to identify any pattern of similar constitutional violations, and fails to "allege anything that Wyar [or Portage] did that caused or contributed to Baum's injury." (ECF No. 62 at 18-22).

"[A] municipality's failure to train police officers only gives rise to a constitutional violation when that failure amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Montgomery v. De Simone*, 159 F.3d 120, 126-27 (3d Cir. 1998). A failure to train can form the basis for § 1983 municipal liability only if "the plaintiff can show both contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents and circumstances under which the supervisor's actions or inaction could be found to have communicated a message of approval to the offending subordinate." *Id.* (citing *Bonenberger v. Plymouth Township*, 132 F.3d 20, 25 (3d Cir. 1997)).

Contrary to Defendants' arguments, Plaintiff's amended complaint sufficiently states a plausible claim for relief. Here, Plaintiff identifies a policy or custom, namely that the Borough of Portage encouraged its officers to customarily request assistance from police officers from other jurisdictions, but that the Borough of Portage failed to

15

"investigate the qualifications and training of officers from other jurisdictions." (ECF No. 57, Am. Compl. ¶ 36). Moreover, the amended complaint explicitly states that the custom or policy at issue is the Borough of Portage's practice of failing "to maintain adequate training for the police officers regarding the constitutional rights of citizens, alternate uses of force, and prevention of the use of excessive force," including the use of weapons that inflict harm such as a Taser. (*Id.* ¶ 37).

Plaintiff links that policy to the following facts. Officer Wyar, pursuant to an agreement between the Boroughs of Portage and Cresson, requested Officer Mackey to provide assistance. (*Id.* ¶¶ 12-13). Officer Wyar instructed Officer Mackey to escort Baum to the Borough of Portage police station. (*Id.* ¶ 16). Officer Wyar was aware that Officer Mackey was armed with a Taser and had the Taser in hand and ready to fire. (*Id.* ¶ 17). Plaintiff also alleges that the Borough of Portage's policy of inviting officers from other jurisdictions to provide assistance without properly training them regarding the appropriate use of force constituted "deliberate indifference to the constitutional rights of Baum and others similarly situated." (*Id.* ¶ 38). Likewise, Plaintiff alleges that the municipality's custom of failing to train police officers was "the proximate cause of the injuries sustained by Baum," and, furthermore, that the asserted constitutional violations were intentional. (*Id.* ¶¶ 39-40).

Defendants assert that Plaintiff's claim should be dismissed because "a plaintiff's failure to support [allegations of a failure to train or supervise] with evidence of prior incidents warrants summary judgment in favor of the municipality." (ECF No. 62 at 20). While Plaintiff may be unable to ultimately prevail on her claims, that determination is not presently before the Court. Instead, the Court need only test the legal sufficiency of the

16

allegations in the amended complaint. Here, "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Jankowski v. Lellock*, No. 2:13-cv-194, 2013 WL 5945782, at \*5 (W.D. Pa. Nov. 6, 2013) (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## 2. Failure to Supervise

Plaintiff has similarly stated a plausible claim for municipal liability under a theory of failure to supervise. The amended complaint asserts, "The municipal defendants as a matter of custom, policy or practice failed to supervise police officers in order to prevent use of excessive force on citizens." (ECF No. 57, Am. Compl. ¶ 37). Defendants argue that Plaintiff's allegations "do not raise any inference of a plausible failure to supervise claim against Portage" because Plaintiff has "failed to show that [Baum's] injury was inflicted by the execution of a municipal policy." (ECF No. 62 at 22-23).

"Where, as here, the policy in question concerns a failure to train or supervise municipal employees, liability under section 1983 requires a showing that the failure amounts to 'deliberate indifference' to the rights of persons with whom those employees will come into contact." *Carter v. City of Philadelphia*, 181 F.3d 339, 357 (3d Cir. 1999). "A municipality exhibits deliberate indifference where the need for more or different training or supervision is obvious, and the inadequacy is very likely to result in violations of constitutional rights." *Morais v. City of Philadelphia*, No. 06-cv-582, 2007 WL 853811, at \*8 (E.D. Pa. Mar. 19, 2007).

Contrary to Defendants' argument, the allegations in Count Three of the amended complaint, coupled with the other averments in the amended complaint as detailed above,

17

state a plausible claim for relief to survive a motion to dismiss. Plaintiff has alleged that the Borough of Portage has a custom or policy of failing to maintain adequate supervision over police officers—including officers from other jurisdictions providing assistance—in the use of force, particularly when the officers are "armed with weapons capable of injury or death." (ECF No. 57, Am. Compl. ¶¶ 37-38). Plaintiff has alleged that the Borough of Portage's custom or practice of failing to supervise was the proximate cause of Baum's injuries. (*Id.* ¶ 40; *id.* ¶¶ 9-23). While Plaintiff's allegations in Counts Two and Three are "somewhat conclusory in nature," they are nevertheless sufficient to withstand a Rule 12(b)(6) motion. *Gorman v. Warwick Twp.*, No. 10-cv-6760, 2011 WL 1235198, at \*6 (E.D. Pa. Apr. 1, 2011) (holding allegations in complaint sufficiently stated plausible claim for municipal liability on a failure to supervise claim).

### C.    Punitive Damages

Both Officer Wyar and the Borough of Portage move to dismiss Plaintiff's claims for punitive damages. (*See* ECF 62 at 23-24). In her amended complaint, Plaintiff alleges that all of the Defendants are liable for punitive damages because the asserted constitutional violations "were intentional and/or in reckless disregard of constitutional requirements and constitute outrageous conduct warranting the imposition of punitive damages." (ECF No. 57, Am. Compl. at 6 ¶ 32, 7 ¶ 40, 8 ¶ 41).

#### 1. Punitive Damages as to Officer Wyar

Punitive damages are appropriate in a § 1983 action if the defendant's conduct was motivated by "evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). A plaintiff may establish reckless indifference by showing that the defendant knew he was

acting in violation of federal law. *See Alexander v. Riga*, 208 F.3d 419, 431 (3d Cir. 2000). Officer Wyar argues that Plaintiff has not alleged any facts "that could even remotely establish a plausible inference that Wyar acted with the necessary intent and indifference to support a punitive damages claim." (ECF No. 62 at 16).

Contrary to Officer Wyar's assertion, Plaintiff has minimally met her burden to survive the instant motion to dismiss. Plaintiff's amended complaint alleges, among other facts, (1) that Officer Wyar was aware that Officer Mackey was armed with a Taser, and that "[w]hile walking with Baum to the police station [Mackey] had the Taser in hand ready to fire" (ECF No. 57, Am. Compl. ¶ 17); (2) that Officer Wyar "instructed defendant Mackey to accompany Baum into the police building to conduct the 'voluntary' search of Baum" (*id.* ¶ 17); (3) that Officer Wyar was attempting to maintain "the pretense of voluntariness" and knew that Baum "had no weapons on him" (*id.* ¶¶ 15, 16); (4) that Officer Wyar was acting in concert with Officer Mackey (*id.* ¶¶ 25-26); (5) that even though "Baum did not present any risk of harm," Officer Mackey used the Taser on Baum (*id.* ¶ 29); and (6) that Officer Wyar knew of the risks involved in using a Taser, or "but for reckless disregard would have known of the risk" (*id.* ¶ 30). Accordingly, because Plaintiff's claims are facially plausible, and given the early stage of this litigation, the Court will not, at this point, dismiss Plaintiff's claims for punitive damages against Officer Wyar. *See Davila v. N. Reg'l Joint Police Bd.*, No. 2:13-cv-0070, 2013 WL 5724939, at *11 (W.D. Pa. Oct. 21, 2013).

### 2. Punitive Damages as to Borough of Portage

Plaintiff's claims for punitive damages against the Borough of Portage, on the other hand, must be dismissed. The law is well-settled that punitive damages may not be

awarded against a municipality under § 1983. *See, e.g.*, *City of Newport v. Fact Concerts Inc.*, 453 U.S. 247 (1981); *Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878 (W.D. Pa. 1993). Accordingly, Plaintiff's claim for punitive damages as to the Borough of Portage will be dismissed.[7] Similarly, the Court will strike Plaintiff's demand for punitive damages against the Borough of Cresson from the amended complaint *sua sponte* pursuant to Fed. R. Civ. P. 12(f)(1). *See Rosky v. Plum Borough*, No. 09-cv-1051, 2010 WL 1904339, at \*2 (W.D. Pa. May 10, 2010).

## VI.    CONCLUSION

For the reasons stated above, Defendants Borough of Portage and Officer Wyar's motion to dismiss Plaintiff's amended complaint (ECF No. 61) will be denied. However, because punitive damages may not be awarded against a municipality, Plaintiff's claims for punitive damages as to Defendants Borough of Portage and Borough of Cresson will be dismissed from the amended complaint. An appropriate Order follows.

---

[7] In her brief in opposition to the motion to dismiss, Plaintiff concedes that the law "precludes an award of punitive damages against a municipality" and therefore does not oppose the "dismissal of the claim for punitive damages against Borough of Portage." (ECF No. 63 at 1 n.1).

MARY ESTEP, *in her own right and* )
*as guardian of CRAIG BAUM, an* )
*incompetent person*, )
     )
             **Plaintiff**, )
     )    **CIVIL ACTION NO. 3:11-207**
    **v.** )
     )    **JUDGE KIM R. GIBSON**
**POLICE OFFICER MACKEY,** )
**BOROUGH OF CRESSON, BOROUGH** )
**OF PORTAGE, and POLICE OFFICER** )
**DONALD WYAR,** )
     )
             **Defendants.** )

## ORDER

**AND NOW**, this 13th day of December, 2013, for the reasons explained in the foregoing Memorandum, **IT IS HEREBY ORDERED** that Defendants Borough of Portage and Police Officer Donald Wyar's motion to dismiss (ECF No. 61) Plaintiff's amended complaint is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that Plaintiff's claims for punitive damages as to Defendants Borough of Portage and Borough of Cresson under Counts Two and Three of the amended complaint (ECF No. 57) are **DISMISSED**. In all other respects, Defendants' motion (ECF No. 61) is **DENIED**.

**BY THE COURT:**

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**